# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Apr 07 2020, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Brian Buckner Baldwin
Martinsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven E. Ingalls, Jr., <br> *Appellant/Cross-Appellee/Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee/Cross-Appellant/Plaintiff.* | April 7, 2020 <br><br> Court of Appeals Case No. 19A-CR-950 <br><br> Appeal from the Morgan Superior Court <br><br> The Honorable Brian H. Williams, Judge <br><br> Trial Court Cause No. 55D02-1806-CM-1013 |

**Friedlander, Senior Judge.**

On May 24, 2018, Steven Ingalls, Jr., carved his initials and his girlfriend's first initial and last name on the wall of the lockup in the Morgan County Courthouse during a recess in his trial on other charges. On June 28, 2018, the State charged Ingalls with Class B misdemeanor criminal mischief for his act of vandalism. On January 25, 2019, the trial court found Ingalls guilty as charged and imposed a thirty-day sentence, all suspended. On January 31, 2019, the trial court appointed appellate counsel to Ingalls. On March 4, 2019, Ingalls's appellate counsel entered his appearance and sought leave to file a belated motion to correct error, which the trial court granted. On March 25, 2019, Ingalls filed a belated motion to correct error, which the trial court denied the next day. On April 26, 2019, thirty-one days later, Ingalls filed a notice of appeal.

Ingalls argues that the trial court committed fundamental error in failing to timely advise him of the consequences of failing to timely file a written demand for a jury trial and that he received ineffective assistance of trial counsel. We need not address these claims on their merits, however, as we agree with the State that Ingalls forfeited his right to appeal.

It is undisputed that Ingalls filed his notice of appeal thirty-one days after the trial court's denial of his motion to correct error, or one day late. Pursuant to

Indiana Appellate Rule 9(A)(5), "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2."[1]

[4] It is true that the Indiana Supreme Court has concluded that forfeiture of the right to appeal can be forgiven if there are "extraordinarily compelling reasons why this forfeited right should be restored." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Ingalls, however, does not explain exactly which "extraordinarily compelling" reasons should excuse his untimely filing. Ingalls mentions that the fundamental liberty interest at issue in *O.R.* (the right of parents to establish a home and raise their children) was part of the basis for the restoration of the biological father's right to appeal in that adoption case. While this is true, no such interest is at stake in this case, as Ingalls's thirty-day sentence was wholly suspended. Ingalls also does not claim that circumstances largely beyond his control, whether excusable neglect or something else, caused his notice of appeal to be untimely. Based on the record before us, we have a late notice of appeal but no apparent extraordinarily compelling reasons that would justify restoring Ingalls's right to appeal. Consequently, we dismiss Ingalls's appeal.

[5] Appeal dismissed.

Najam, J., and Tavitas, J., concur.

---

[1] Indiana Post-Conviction Rule 2(1) allows an eligible defendant to petition the trial court for permission to file a belated notice of appeal, which Ingalls did not do.